UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL EUGENE GARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CV-026 |
| ) | |
| WILLIAM LEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court on Defendants' notice that they have still not received proper service from Plaintiff. [Doc. 19]. On August 22, 2022, Defendants provided notice to the Court that Plaintiff had failed to properly serve the Complaint. [Doc. 15]. On September 30, 2022, the Court ordered Plaintiff to properly serve Defendants within 30 days of the entry of the order, or provide the Court with written show cause as to why he was unable to do so. [Doc. 16]. Plaintiff was advised that failure to properly serve Defendants may result in dismissal of this action without further notice. [*Id.*].

On November 22, 2022, having received no response from Plaintiff, the Court entered an order directing Defendants to file notice of whether or not they had been properly served. [Doc. 18]. Therein, the Court cautioned Plaintiff "that if Defendants indicate that they have not been properly served, this action will be dismissed for failure to prosecute without further notice." [*Id.*]. On November 29, 2022, Defendants filed notice that, as of that date, "Plaintiff has not properly served either Defendant." [Doc. 19].

As Plaintiff has not followed the orders of the Court and properly served Defendants, dismissal is warranted under Federal Rule of Civil Procedure 41(b). The Court considers four factors when considering dismissal under Rule 41(b):

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that the failure to comply with the Court's orders is the fault of the Plaintiff. The Court clearly instructed Plaintiff to properly serve Defendants and directed him towards resources to help him do so. [Doc. 16]. Plaintiff failed to properly serve Defendants in the time allowed. The second factor also weighs in favor of dismissal, although perhaps less heavily so. Plaintiff's failure to properly serve Defendants have prohibited them from filing an answer or responsive pleading in this case, causing delay in the proceeding. The third factor weighs in favor of dismissal as well since the Court's two most recent orders clearly informed Plaintiff that failure to properly serve Defendants may (or, in the latter instance, would) result in dismissal of the action without further notice. [Docs. 16, 18]. The final factor also weighs in favor of dismissal. The Court has given Plaintiff more than 60 days to properly serve Defendants, but he failed to do so and he failed to otherwise respond to the Court. Although *pro se* litigants are granted leniency in some circumstances, they "will not be relieved of the responsibility to comply

with the basic rules of the court." *Brown v. Woodward*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. 1998).

Accordingly, Plaintiff's complaint is hereby **DISMISSED**. However, because this is Plaintiff's first instance of not following the Court's orders and given the nature of the action, the complaint will be **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling either *pro se* or through counsel and properly following the rules of procedure and orders of the Court. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge